09-2770-cv
White v. Eastman Kodak Company

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges,*
> STEFAN R. UNDERHILL,[*]
> > *Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PHILLIP WHITE,

    *Plaintiff-Appellant,*

    v.                                                                         09-2770-cv

EASTMAN KODAK COMPANY,

    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**               CHRISTINA A. AGOLA, Rochester, NY.

**FOR APPELLEES:**              MARION BLANKOPF, Nixon Peabody LLP, Rochester, NY.

---

[*] The Honorable Stefan R. Underhill, of the United States District Court of the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Phillip White appeals from a June 1, 2009 judgment of the District Court, which granted summary judgment for defendant, Eastman Kodak Company ("Kodak"). On appeal, White argues that the District Court erred in granting summary judgment for Kodak because (1) White established a prima facie case of unlawful retaliation by Kodak in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981, and the New York State Human Rights Law and (2) the District Court did not consider White's arguments that Kodak's purported reason for firing him was pretextual. We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's decision to grant summary judgment *de novo*, drawing all reasonable factual inferences in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).

Courts evaluate Title VII claims using the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] To state a claim for retaliation in violation of Title VII, a plaintiff must first establish a prima facie case of retaliation. *See, e.g.*, *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006). To establish a prima facie case of retaliation, a plaintiff must present evidence sufficient to permit a rational trier of fact to find that (1) he engaged in an activity protected by Title VII, (2) the employer was aware of this activity, (3) the employer took adverse action against the employee, and (4) there is a casual connection between the protected activity and the adverse action. *Id.* at 205-06. If the plaintiff establishes his prima facie case, the burden shifts to the employer, who must then articulate a legitimate, non-retaliatory reason for the adverse action. *See, e.g.*, *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498-99 (2d Cir. 2009). If the employer carries that burden, "the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered" by the employer was a mere pretext for discrimination.

---

[1] The same elements constitute a claim for employment discrimination under 42 U.S.C. § 1981 as constitute a claim under Title VII. *Hudson v. Int'l Business Machines Corp.*, 620 F.2d 351, 254 (2d Cir. 1980). Claims under the New York State Human Rights Law are analyzed under the same framework as claims under Title VII. *See, e.g.*, *Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 609 (2d Cir. 2006).

*Id.* at 499 (quotation marks omitted).

Here, the District Court concluded that White failed to establish a prima facie case of retaliation because he failed to show a causal connection between his termination and his protected activity. The District Court then concluded, in the alternative, that even if White had established a prima facie case, he failed to establish that the legitimate reason Kodak stated for his firing—namely, that he falsified data in Kodak's customer database—was only a pretext for retaliation.

Upon our independent review of the record, we agree with the District Court that, assuming *arguendo* that White established a prima facie case of retaliation, he failed "to demonstrate by competent evidence," *Leibowitz*, 584 F.3d at 499, that Kodak's stated reason for firing White was a pretext for retaliation. Although White argues at length that Kodak's asserted reason for firing him was pretextual, he presents no evidence to support this allegation. Moreover, as the District Court noted, "he does not address Kodak's charge that he falsely claimed to have contacted customers when the phone records clearly showed he had not." *White v. Eastman Kodak*, No. 06-CV-6493-CJS, 2009 U.S. Dist. LEXIS 45335, at *34 (W.D.N.Y. May 29, 2009). Because White fails to rebut adequately Kodak's legitimate reason for firing him, we conclude that the District Court did not err in granting summary judgment for Kodak.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3